IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:23CR000099SNLJ/ACL |
| v. | ) | No. |
| | ) | |
| DEMARCUS P. TURNER, | ) | Count I |
| a/k/a "DMan," | ) | |
| JADARIUS A. MCCAIN, | ) | Counts I, II |
| a/k/a "Bankroll," | ) | |
| a/k/a "Bank," | ) | |
| a/k/a "Dary," | ) | |
| DEUNDRA L. MOORE, JR., | ) | Count I |
| a/k/a "Chuck," | ) | |
| a/k/a "DJ," | ) | |
| JAKEITH D. BROWNING II, | ) | Count I |
| a/k/a "JB," | ) | |
| DAMIEN M. DAVENPORT, | ) | Count I |
| a/k/a "Gucci," | ) | |
| MARQUASIA N. DAVIS, | ) | Count I |
| a/k/a "Quay," | ) | |
| JALISA D. BOGAN, | ) | Count I |
| D'NAYSIA E. LARRY, | ) | Count I |
| STACIE L. BOHANNON, | ) | Counts I, IV |
| CARRA M. BROOKS, | ) | Count I |
| CASANDRA Z. BROOKS, | ) | Counts I, IV |
| a/k/a "Casandra Z. Johnson," | ) | |
| TRANECE R. CARTER, | ) | Count I |
| BREA E. CRAWFORD, | ) | Count I |
| LAMAR R. DOUGLAS, JR., | ) | Counts I, III |
| LAKEESHA D. JOHNSON, | ) | Count I |
| DAQUAYDRA D. MOORE, | ) | Count I |
| PRESTON L. MOORE, JR., | ) | Counts I, III |
| a/k/a "PJ," | ) | |
| ALIZE M. NICHOLS, | ) | Count I |
| DAKISHA J. WOODS, | ) | Count I |
| | ) | |
| Defendants. | ) | |

FILED
JUL 11 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

# INDICTMENT

## COUNT I

THE GRAND JURY CHARGES THAT:

Beginning at a time unknown, but including the period from March 2019, continuing thereafter until the date of this Indictment, with the exact dates unknown to this Grand Jury, within the Southeastern Division of the Eastern District of Missouri and elsewhere,

DEMARCUS P. TURNER, a/k/a "DMan,"
JADARIUS A. MCCAIN, a/k/a "Bankroll," "Bank," and "Dary,"
DEUNDRA L. MOORE, JR., a/k/a "Chuck," and "DJ,"
JAKEITH D. BROWNING II, a/k/a "JB,"
DAMIEN DAVENPORT, a/k/a "Gucci,"
MARQUASIA N. DAVIS, a/k/a "Quay,"
JALISA D. BOGAN,
D'NAYSIA E. LARRY,
STACIE L. BOHANNON,
CARRA M. BROOKS,
CASANDRA Z. BROOKS, a/k/a "Casandra Z. Johnson,"
TRANECE R. CARTER,
BREA E. CRAWFORD,
LAMAR R. DOUGLAS, JR.,
LAKEESHA D. JOHNSON,
DAQUAYDRA D. MOORE,
PRESTON L. MOORE, JR., a/k/a "PJ,"
ALIZE M. NICHOLS, and
DAKISHA J. WOODS,

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with each other and with other persons known and unknown to this Grand Jury, to commit offenses against the United States to wit: to distribute and possess with intent to distribute controlled substances,

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Quantities of Controlled Substances Involved in the Conspiracy

1. The amount of a mixture and substance containing a detectable amount of methamphetamine involved in the conspiracy and attributable to each defendant as a result of their own conduct, and the conduct of other conspirators, known and reasonably foreseeable to them, is 500 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

2. The amount of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl) involved in the conspiracy and attributable to each defendant as a result of their own conduct, and the conduct of other conspirators, known and reasonably foreseeable to them, is 400 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(vi).

3. The amount of a mixture and substance containing a detectable amount of cocaine involved in the conspiracy and attributable to each defendant as a result of their own conduct, and the conduct of other conspirators, known and reasonably foreseeable to them, is 500 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## Penalty Enhancement Based on Criminal History

1. Before defendant **DEMARCUS P. TURNER** committed the offense charged in this Count, he was convicted of the following:

    a. On or about May 18, 2015, in the Circuit Court of Cape Girardeau County, case number 14CG-CR01935-01, the defendant was convicted of distribution of a controlled substance, a felony drug offense and a serious drug felony, for which he served more than 12 months of imprisonment and for which he was

released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT II

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 15, 2022, in Mississippi County, within the Southeastern Division of the Eastern District of Missouri,

**JADARIUS A. MCCAIN,**

the defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT III

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 15, 2022, in Scott County, within the Southeastern Division of the Eastern District of Missouri,

**LAMAR R. DOUGLAS, JR., and
PRESTON L. MOORE, JR., a/k/a "PJ,"**

the defendants herein, each aided and abetted by the other and by persons known and unknown to this Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 18, United States Code, Section 2, Title 21, United States Code, Section 841(a)(1) and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT IV

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 12, 2022, in Perry County, within the Southeastern Division of the Eastern District of Missouri,

**STACIE L. BOHANNON, and
CASANDRA Z. BROOKS, a/k/a "Casandra Z. Johnson"**

the defendants herein, each aided and abetted by the other and by persons known and unknown to this Grand Jury, did knowingly and intentionally possess with intent to distribute controlled substances,

In violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 841(a)(1).

### Quantities of Controlled Substances Involved in the Offense

1. The amount of a mixture and substance containing a detectable amount of methamphetamine involved in the offense was 500 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

2. The amount of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl) involved in the offense was 40 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(vi).

3. The amount of a mixture and substance containing a detectable amount of cocaine involved in the offense was 500 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

# FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) or 846 as set forth in Counts I through IV, the defendants shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense(s); and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s).

2. Subject to forfeiture is a sum of United States currency equal to the total property constituting, or derived from, any proceeds the defendants obtained directly or indirectly as a result of the offenses alleged in Counts I through IV.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. The residence and property located at 807 Gail Street, Charleston, Missouri, including all appurtenances, attachments, and improvements thereon,

    b. 2015 Chevrolet Tahoe VIN 1GNSKBKCXFR510082,

    c. Approximately $34,970.00 in U.S. Currency seized on March 16, 2023,

    d. Approximately $17,400.00 in U.S. Currency seized on June 22, 2023, and

    e. Assorted jewelry.

4. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____<br>FOREPERSON

SAYLER FLEMING  
UNITED STATES ATTORNEY

_____  
CHRISTOPHER C. SHELTON, #71169MO  
ASSISTANT UNITED STATES ATTORNEY